IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH A. ELLIOTT, SR.                 )
               Plaintiff,          )          Civil Action No. 05-1667
                          )          Judge Joy Flowers Conti /
      vs.                          )          Magistrate Judge Amy Reynolds Hay
                          )
RAYMOND W. DORIAN;               )
EDWARD G. RENDELL; and           )
JEFFREY A. BEARD,                    )
               Defendants.       )

REPORT AND RECOMMENDATION

I.      RECOMMENDATION

It is respectfully recommended that the Defendants' Motion to Dismiss (doc. no. 11) be granted.

II.     REPORT

Plaintiff, Joseph A. Elliott, Sr, commenced this action pursuant to the provisions of the Civil Rights Act of 1871, 42 U.S.C. § 1983 (Section 1983), against the following Defendants: Raymond W. Dorian, General Counsel for the Pennsylvania Department of Corrections (DOC); Edward Rendell, Governor of Pennsylvania; and Jeffrey Beard, Secretary of the (DOC).  In his Complaint, Plaintiff alleges that these Defendants violated his rights as protected by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution. Specifically, he claims that Defendant Dorian is liable based on his representation of the various DOC defendants in four lawsuits Plaintiff currently is pursuing against various DOC officials. He claims that Defendants Rendell and Beard are liable for failing to address his concerns via letters he sent them.  For the reasons set forth below, the motion should be granted as Plaintiff's allegations do not provide any basis upon which to grant relief under 42 U.S.C. § 1983.

1

A. <u>Standard of Review</u>

Defendants have filed a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6).  A motion to dismiss cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation."  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Conley v. Gibson</u>, 355 U.S. 41 (1957).  The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim.  <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).  The complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true.  <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976).[1]

B. <u>Liability under 42 U.S.C. § 1983</u>

Plaintiff's Complaint seeks to assert liability against Defendants pursuant to 42 U.S.C. § 1983.  To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements.  He must allege: (1) that the alleged misconduct was committed by a person acting under color of state law; and (2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States.  <u>West v. Atkins</u>, 487 U.S. 42 (1988); <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, <u>Daniels v. Williams</u>, 474 U.S. 327, 330-331 (1986).

Plaintiff alleges that defendant Dorian engaged in a civil conspiracy with unnamed corrections officials to violate Plaintiff's rights by failing to adequately advise the corrections

---

1.   In addition, courts may consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case in considering a motion to dismiss under Rule 12(b)(6). <u>Pryor v. National Collegiate Athletic Ass'n.</u>, 288 F.3d 548, 560 (3d Cir. 2002) (noting that documents that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim and may be considered by the court in deciding a motion to dismiss); <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994); <u>Chester County Intermediate Unit v. Pennsylvania Blue Shield</u>, 896 F.2d 808, 812 (3d Cir. 1990).

officials of the law.  Plaintiff has named Defendant Rendell in his capacity as "de facto chief executive officer" of the DOC, and, similarly, has named defendant Beard in his capacity as Secretary of the DOC.  Plaintiff contends that both defendants Rendell and Beard are responsible for hiring and firing DOC personnel and setting DOC policy.  Plaintiff alleges that defendants Rendell and Beard are liable because they failed to respond to his letters to them complaining about defendant Dorian and alleged retaliatory institutional transfers.

Liability against Defendant Dorian is premised upon his actions in defending DOC personnel in various lawsuits brought by Plaintiff.  As Defendant Dorian points out, he is not a state actor for purposes of imposing liability under 42 U.S.C. § 1983.  *See* Briscoe v. LaHue, 460 U.S. 325, 330, n.6 (1983) ("Thus, even though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983. This conclusion is compelled by the character of the office performed by defense counsel.") (internal citations omitted).

More importantly, Dorian is entitled to absolute immunity from damages with respect to his actions in defending DOC personnel in lawsuits initiated by Plaintiff.  In this regard, in a limited number of circumstances, government officials are entitled to absolute immunity from a suit for damages.  Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993).  The grant of absolute immunity from suit extends to official functions in which the exposure to liability would invariably impede the official in the performance of the his or her duties.  Forrester v. White, 484 U.S. 219, 223-24 (1988).

Judges generally are accorded absolute immunity in the performance of "truly judicial acts" performed within their lawful jurisdiction.  Mireles v. Waco, 502 U.S. 9 (1991); Forrester, 484 U.S. at 226-27.  Like judges, certain other specified officials, such as administrative law judges, and federal and state prosecutors, enjoy absolute immunity in the performance of

functions that are "closely associated with the judicial process." Cleavinger v. Saxner, 474 U.S. 193, 200 (1985). This immunity shields not only these decisionmakers, but also other individuals who perform discretionary tasks that play an integral part in the decisionmaking process. *Id.* Thus, where the official's responsibilities are closely analogous to the adjudicative functions of a judge, or are intimately associated with the judicial process itself, that official may enjoy absolute immunity from suit for actions taken to fulfill those particular responsibilities. Buckley v. Fitzsimmons, 509 U.S. at 271.

In Butz v. Economou, 438 U.S. 478, 512 (1978), the Supreme Court mentioned the following factors as characteristic of the judicial process and to be considered in determining absolute immunity: (1) the need to assure that the individual can perform his functions without harassment or intimidation; (2) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct; (3) insulation from political influence; (4) the importance of precedent; (5) the adversary nature of the process; and (6) the correctability of error on appeal. In that case, the Supreme Court concluded that an agency attorney who had arranged for the presentation of evidence in the course of an adjudication was absolutely immune from suit. Butz, 438 U.S. at 516-17. In so concluding, the Court reasoned that agency lawyers are entitled to absolute immunity from suit as they are restrained not only by their professional obligations, but by the knowledge that their assertions will be contested by their adversaries in open court. *Id.*

Here, Plaintiff's allegations against Defendant Dorian relate solely to his actions in representing DOC defendants in the various lawsuits Plaintiff has initiated. Dorian is entitled to absolute immunity from damages with respect to his actions in litigating and defending DOC defendants in those civil rights actions.

As concerns Plaintiff's claim that Defendants Rendell and Beard failed to take action on Plaintiff's complaints of retaliatory transfers, Plaintiff has not alleged that either Defendant was

4

personally involved in the alleged retaliatory transfers.  In this regard, in order to establish personal liability against a defendant in a section 1983 action, that defendant must have <u>personal</u> involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  Accordingly, individual liability can be imposed under section 1983 only if the state actor played an "affirmative part" in the alleged misconduct.  <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988); <u>Chinchello v. Fenton</u>, 805 F.2d 126, 133 (3d Cir. 1986).  Personal involvement by a defendant can be shown by alleging either personal direction or actual knowledge and acquiescence in a subordinate's actions.  <u>Rode</u>, 845 F.2d at 1207.  *See also* <u>Keenan v. Philadelphia</u>, 983 F.2d 459, 466 (3d Cir. 1992); <u>Andrews v. Philadelphia</u>, 895 F.2d 1469, 1478 (3d Cir. 1990).

Moreover, a supervising public official has no affirmative constitutional duty to supervise and discipline so as to <u>prevent</u> violations of constitutional rights by his or her subordinates.  Notwithstanding, when a supervising official <u>knowingly permits</u> a continuing custom or policy that results in harm to the plaintiff, 1983 liability may attach.  <u>Colburn v. Upper Darby Township</u>, 838 F.2d 663, 673 (3d Cir. 1988), *cert. denied*, 489 U.S. 1065 (1989) (Colburn I).  In order to maintain a claim for supervisory liability, a plaintiff must show: (1) that the supervising official personally participated in the activity; (2) that the supervising official directed others to violate a person's rights; or (3) that the supervising official had knowledge of and acquiesced in a subordinate's violations.  *See* <u>Robinson v. City of Pittsburgh</u>, 120 F.3d 1286, 1293 (3d Cir. 1997); <u>Baker v. Monroe Twp.</u>, 50 F.3d 1186, 1190-91 (3d Cir. 1995).

With respect to Defendant Dorian, Plaintiff merely alleges that Dorian knew, or should have known, about the allegedly retaliatory transfers from SCI-Graterford to SCI-Greene and to SCI-Fayette.  The mere fact that Defendant Dorian may have known about a transfer, after the fact, based on pleadings made in Plaintiff's various complaints, is insufficient to impose liability against Defendant Dorian for allegedly retaliatory transfers.  Dorian, as DOC counsel, would

have no authority to approve or disapprove Plaintiff's transfer to or from any DOC facility. Similarly, Governor Rendell would have no authority to approve or disapprove Plaintiff's transfer to or from any DOC facility.  In fact, Plaintiff attempts to impose liability against Beard and Rendell solely on the basis of their failure to respond to letters he sent complaining about the conditions of his confinement on death row.   None of these Defendants can be held personally liable based upon their actions in failing to address Plaintiff's letters.  *See* Brooks v. Beard, 167 Fed.Appx. 923, 925, 2006 WL 332547, *1 (3d Cir. Feb. 14, 2006) (holding that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond, to prison grievance did not establish that the officials and administrators were personally involved in allegedly inadequate post-injury medical treatment provided to prisoner as is required under § 1983).

The facts here are similar to those in Gay v. Petsock, 917 F.2d 768 (3d Cir.1990).  There, a prisoner filed suit against the prison superintendent and two correction officers alleging that the defendants acted in concert to remove legal materials from his cell.  The district court dismissed the claims against the superintendent as they were based solely upon the doctrine of respondeat superior.  The Court of Appeals for the Third Circuit  affirmed, reasoning that there was nothing in the record to suggest that the superintendent was involved in the acts complained of or that they were done with his knowledge and acquiescence.  *Id*. at 771.  *Accord* Evancho v. Fischer, 423 F.3d 347, 353 (3d Cir. 2005) (holding that there is no liability for a supervising or reviewing defendant based on the theories of respondeat superior or vicarious liability).

In order to survive a motion to dismiss, a Plaintiff must name the individuals responsible, the conduct, the time, and the place of the incident that deprived him of his civil rights.  Evancho, 423 F.3d at 353 (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980)). Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement is insufficient.  Accordingly, a § 1983 complaint must be dismissed when it fails to contain "even

a remote suggestion that [a supervisory defendant] had contemporaneous, personal knowledge of [the alleged harm] and acquiesced in it." Evancho, 423 F.3d at 353.

Plaintiff has not made any factual showing that any of the Defendants had personal knowledge of or participated in the alleged deprivation of Plaintiff's constitutional rights. Specifically, Plaintiff did not allege any facts indicating that any of the Defendants personally directed his transfers or that any Defendant had contemporaneous, personal knowledge of his transfers and acquiesced in them. As such, Plaintiff's complaint does not in any way meet the standard for a legally adequate civil rights complaint.  Thus, Defendants' motion to dismiss should be granted.

The Court further notes that Plaintiff has attempted to assert liability against Defendants based on his allegation that they were engaged in some sort of conspiracy.  In order to demonstrate a conspiracy, "a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right 'under color of state law.'" Parkway Garage, Inc. v. City of Philadelphia, 5 F.3d 685, 700 (3d Cir. 1993) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970)).  A plaintiff must allege conspiracy with some particularity even though a heightened pleading standard generally does not apply to civil rights actions against individual defendants. Bieros v. Nicola, 860 F. Supp. 223, 225 (E.D. Pa. 1994) (citing Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993)).  A complaint alleging a conspiracy must make "factual allegations of combination, agreement, or understanding among all or between any of the defendants [or coconspirators] to plot, plan, or conspire to carry out the alleged chain of events." Spencer v. Steinman, 968 F. Supp. 1011, 1020 (E.D. Pa. 1997).  *See also* Loftus v. Southeastern Pa. Transp. Auth., 843 F. Supp. 981, 987 (E.D. Pa. 1994) ("While the pleading standard under [Fed.R.Civ.Proc.] Rule 8 is a liberal one, mere incantation of the words 'conspiracy' or 'acted in concert' does not talismanically satisfy the Rule's requirements").

7

In the instant action, Plaintiff has failed to allege any facts showing an agreement or plan formulated and executed by any of the Defendants to achieve a conspiracy.  Absent allegations showing any agreement to deny Plaintiff's rights, Plaintiff's bald allegations of conspiracy are insufficient to state a claim upon which relief can be granted.  *See, e.g.*, Swanson v. Miller, 55 Fed. Appx. 871, 2003 WL 150046 (10th Cir. Jan. 22, 2003 )(upholding dismissal of plaintiff's conclusory allegations of conspiracy as insufficient to state a claim for relief); Tahfs v. Proctor, 316 F.3d 584 (6th Cir. 2003).  Consequently, Plaintiff's claims of conspiracy also should be dismissed.

As a final matter, to the extent that Plaintiff is raising any state law claims, those claims should be dismissed.  In this regard, a federal court has "supplemental jurisdiction" over claims which are "part of the same case or controversy" as a claim over which the court has original jurisdiction.  28 U.S.C. § 1367(a).  Subsection 1367(c) authorizes a federal court to decline jurisdiction over state claims even though the court has federal jurisdiction if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  When "the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."  Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995).  Here, no such considerations exist.  Accordingly, in light of the report and recommendation set forth above, Plaintiff's state law claims should be dismissed.

III.   <u>CONCLUSION</u>

It is respectfully recommended that the Defendants' Motion to Dismiss (doc. no. 11) be granted.

In accordance with the Magistrates Act, 28 U.S.C.  § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation.  Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/  Amy Reynolds Hay
United States Magistrate Judge

Dated   29 November, 2006

cc:     The Honorable Joy Flowers Conti
        United States District Judge

        Joseph A. Elliott, Sr., CA-1717
        SCI Fayette
        Box 9999
        LaBelle, PA 15450-0999

        Mariah Passarelli, Esquire
        Office of the Attorney General
        564 Forbes Avenue
        6th Floor, Manor Complex
        Pittsburgh, PA 15219

9